```
 1              IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE DISTRICT OF OREGON

 3   UNITED STATES OF AMERICA,        )
                                      )
 4                    Plaintiff,      ) No. 09-CR-60163-1-AA
                                      )
 5      v.                            ) December 1, 2009
                                      )
 6   RANDALL BLAIR JOHNSON,           ) Eugene, Oregon
                                      )
 7                    Defendant.      )

 8


 9               TRANSCRIPT OF ARRAIGNMENT

10       BEFORE THE HONORABLE THOMAS M. COFFIN

11     UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

12                       -:-

13


14               APPEARANCES OF COUNSEL

15   FOR THE PLAINTIFF:    WILLIAM E. FITZGERALD
                           SCOTT E. BRADFORD
16                         United States Attorney's Office
                           405 E. 8th Avenue
17                         Suite 2400
                           Eugene, OR  97401
18                         (541) 465-6771

19   FOR THE DEFENDANT:    MARK WEINTRAUB
                           Federal Public Defender's Office
20                         151 W. 7th
                           Suite 510
21                         Eugene, OR  97401
                           (541) 465-6937

22


23   COURT REPORTER:       Deborah Wilhelm, CSR, RPR
                           P.O. Box 1504
24                         Eugene, OR  97440
                           (541) 431-4113

25
```

```
 1              (Tuesday, December 1, 2009; 1:35 p.m.)

 2                    P R O C E E D I N G S

 3         THE CLERK:  Now is the time set for Case Number

 4    09-60163, United States of America versus Randall Blair

 5    Johnson, arraignment.

 6         THE COURT:  Mr. Johnson, you've been charged in

 7    an indictment.  Count 1 of the indictment that's been

 8    returned by the United States grand jury for the

 9    District of Oregon charges you with evasion of income

10    tax.  And this will be for the calendar year 2003?

11         MR. FITZGERALD:  Correct, Your Honor.

12         THE COURT:  Count 2 charges you with evasion of

13    income tax for the calendar year 2004.  Count 3 charges

14    you with evasion of income tax for the year 2005.

15    Count 4 charges you with willful failure to file income

16    tax returns in '03.  Count 5, failure to file income tax

17    returns in '04.  Count 6 charges you with failure to

18    file income tax returns in '05.

19         What's the maximum penalty on each count if

20    there is a conviction?

21         MR. FITZGERALD:  Thank you, Your Honor.  As to

22    counts 1 through 3, the evasion counts, the maximum

23    punishment is five years, $250,000 fine, and supervised

24    release.

25         As to counts 4 through 6, willful failure to
```

```
 1   file income tax returns, the maximum punishment is one
 2   year imprisonment, and a fine of $100,000.
 3           THE COURT:  Do you understand what you are
 4   charged with?  Mr. Johnson, do you understand what you
 5   are charged with?
 6           THE DEFENDANT:  I don't.
 7           THE COURT:  All right.  You are charged with
 8   evading taxes and failing to file tax returns.  Do you
 9   understand that?
10           THE DEFENDANT:  I'm here under duress.
11           MR. WEINTRAUB:  Judge, if --
12           THE COURT:  Pardon?
13           THE DEFENDANT:  I'm here under duress.  I don't
14   consent to this.
15           THE COURT:  Well, normally --
16           THE DEFENDANT:  And I don't understand.  Excuse
17   me, I'm sorry, I'll let you speak.  You asked me -- I
18   was going to say that I don't understand these charges
19   against me.
20           THE COURT:  Okay.  Here is the thing,
21   Mr. Johnson, I would like to interact with you and
22   fashion reasonable conditions of release.  But in order
23   to do that, we're going to have to be able to
24   communicate.  And you are going to have to be able to
25   communicate with Pretrial Services and cooperate in
```

1    their investigation into what conditions of release they

2    might be able to fashion for you.

3            THE DEFENDANT:  Thank you.

4            THE COURT:  And as part of that process, we're

5    all going to have to be satisfied that you will abide by

6    the conditions of release as we impose them.

7            THE DEFENDANT:  I'm very interested in that.

8            THE COURT:  And if your attitude is you have no

9    jurisdiction over me, I don't have any reason to abide

10   by the conditions of release, I'm not going to, fine.

11   You won't be released.

12           THE DEFENDANT:  Well, I --

13           THE COURT:  And that's the way we would deal

14   with that situation.  So I'm going to ask you again:  Do

15   you understand what you are charged with?  You are

16   charged with tax violations, failing to file tax returns

17   and evading taxes.  Do you understand that concept?  I'm

18   not asking you if you're guilty.  I'm asking you if you

19   understand what you are charged with.

20           THE DEFENDANT:  In all honesty, sir, I don't

21   understand that at all.  And I've tried to understand.

22   And it's my understanding that I'm here because the

23   Department of Justice got a file from IRS.  I've asked

24   the IRS many times many questions.  They've never been

25   answered.  And the first thing I get is a call from the

 1    U.S. Marshal that I've been indicted.  So this is not

 2    something I understand.

 3              THE COURT:  Okay.  Let me see if I can explain

 4    it to you.  It is the government's position that

 5    everyone who earns income has an obligation to pay taxes

 6    on the income that they earn.  That's the general

 7    concept.  And that people who earn income have an

 8    obligation to file a tax return disclosing to the

 9    Internal Revenue Service the amount of income they've

10    earned during a calendar year.  And this indictment

11    charges you with failing to do that.

12              The indictment alleges you were required to

13    file tax returns for three years and that you didn't do

14    it.  It further alleges that during those three years,

15    you owed income taxes to the government, and that you

16    failed to pay those taxes that you owe.  That's what the

17    indictment alleges.  Do you understand those concepts?

18              THE DEFENDANT:  Well, except -- I don't.  And

19    here's why:  Because it was my understanding that that

20    reference you made to filing taxes, those who are

21    liable, and I don't find anywhere in there that points

22    to me as being liable.  So, no, I don't understand that.

23              THE COURT:  Well, again, I'm not asking you if

24    you feel that you are guilty of the charges or not

25    guilty, for that matter.  I'm just asking you if you

1   understand what you are charged with.  You are free to

2   disagree with them.  I just want to know that you

3   understand them, what you are charged with.

4           THE DEFENDANT:  Your Honor, I don't.

5           THE COURT:  Okay.  Next question:  Can you

6   afford to hire an attorney to represent you?

7           THE DEFENDANT:  I can afford one, yes.

8           THE COURT:  Are you going to hire an attorney

9   to represent you?

10          THE DEFENDANT:  I would search for competent

11  counsel.

12          THE COURT:  Do you have an attorney in mind

13  that you want to represent you?

14          THE DEFENDANT:  I have not searched.  So I

15  don't have an attorney in mind.

16          THE COURT:  All right.  And you have the

17  financial ability to hire your own attorney, is that

18  what you are telling me?

19          THE DEFENDANT:  Well, I -- sir, I am sorry,

20  I've never shopped them.  I believe that I do, but I

21  really am pretty ignorant with respect to the price of

22  attorneys.

23          MR. FITZGERALD:  Your Honor, I have some

24  figures for the court.

25          THE COURT:  Okay.

1              MR. FITZGERALD:  The government -- according to

2      the government's computations, Mr. Johnson had gross

3      income in 2003 of $274,000; 2004, 462,000; and 2005,

4      401,000.  So for that three-year period, $1.1 million in

5      gross income.

6              The tax due on those three years total

7      $218,000.  He sold a couple of pieces of property during

8      that time.  And sold his business, TR Hunter Real

9      Estate, to his partner for the sum of $900,000 in March

10     of 2005.

11             So the government's position is that this

12     defendant has plenty of earning capability and assets

13     for which he should be able to afford his own

14     representation.

15             THE COURT:  All right.  Well, he'd have to fill

16     out an accurate financial affidavit before I would

17     appoint any attorney to represent him.  For now, I'll

18     just set this over until Monday at 1:30 for the

19     appearance of counsel on his behalf should he choose to

20     retain one, or for further proceedings, should he not

21     retain one.

22             For today's proceeding, I'll appoint Federal

23     Defenders for purposes of the arraignment.

24             THE DEFENDANT:  Your Honor, I am not interested

25     in being represented by federal -- I -- he -- I had a

1  visit with this gentleman previously.  And he said that

2  he worked for the federal government, I believe.  And so

3  I don't understand -- I guess because he disclosed that,

4  then there is no conflict of interest with respect to

5  fiduciary, his being federal government, and being able

6  to represent me, otherwise I'd see that as a conflict.

7         THE COURT:  Okay.  Well, I -- he's not going to

8  represent you after today anyway.  It's just the

9  government indicates you have sufficient funds to be

10  able to hire your own attorney.  So I would suggest you

11  get started and do that so that you can have somebody

12  that has your trust and confidence who represents you in

13  these proceedings.

14         MR. WEINTRAUB:  Your Honor --

15         THE DEFENDANT:  I'm sorry, is this the

16  government?

17         THE COURT:  Is who the government?

18         THE DEFENDANT:  Is this -- I'm confused here.

19         THE MARSHALL:  Okay.  Stay there.  Quit

20  fidgeting around.

21         THE DEFENDANT:  I'm sorry, I'm sorry.

22         THE COURT:  The person standing next to you is

23  an Assistant Federal Public Defender.  No, he is not the

24  government.

25         THE DEFENDANT:  No, the -- you referred to the

1   government.

2           THE COURT:  The person who spoke earlier about

3   your financial situation --

4           THE DEFENDANT:  Yes.

5           THE COURT:  -- and your assets?  He's an

6   Assistant United States Attorney.

7           THE DEFENDANT:  Assistant United States

8   Attorney.

9           THE COURT:  He represents the government in

10  this matter.

11          THE DEFENDANT:  May I ask his name?  I'm sorry.

12  I don't mean disrespect.  Please don't accept it as

13  disrespect.

14          THE COURT:  No one takes it as disrespect.  Do

15  you want to identify yourself.

16          MR. FITZGERALD:  It's a matter of record, Your

17  Honor.  I am an Assistant United States Attorney.  And

18  my name is William E. Bud Fitzgerald.

19          THE COURT:  All right.

20          THE DEFENDANT:  Thank you.

21          MR. FITZGERALD:  Your Honor, one other matter

22  if I may, the Marshals talked to me before the hearing

23  and informed me that this defendant has failed to

24  cooperate in the rendering of certain things that are

25  required by law, and that is the -- cooperate in his

1    fingerprinting, photographing, and production of DNA, as

2    well as responding to a personal history information

3    questionnaire.  And I would just ask that the court

4    order this defendant to cooperate with the Marshals in

5    processing.

6            THE COURT:  Well, certainly he's not even

7    eligible for release until he's processed.  And if he

8    refuses to cooperate in the processing, you give me no

9    choice, Mr. Johnson, but to keep you in custody.

10           THE DEFENDANT:  Your Honor, may I speak?

11           THE COURT:  Yeah, you can speak, but I'm

12   telling you the way it is.

13           THE DEFENDANT:  Yeah, okay.  I don't understand

14   that.  It was my understanding that --

15           THE COURT:  It doesn't matter if you don't

16   understand it.  If you don't cooperate with the

17   processing, you are not going to be released.  And you

18   may not understand why.  And I'm not going to take the

19   time to explain it, because I don't think you will

20   understand it -- or you will tell me you don't

21   understand it even after I explain it, so --

22           THE DEFENDANT:  I would like to know -- I

23   believe that my fingerprints and DNA are my property,

24   and --

25           THE COURT:  Okay.

1      THE DEFENDANT:  -- I had the document to give

2    to you today but they have prevented me.  They took all

3    of my documents and things from me that basically

4    established that -- what I understand to be --

5    establishes those to be my property.  So then their

6    taking those from me would be theft.

7        I don't understand how they can take things

8    from me when I haven't been found guilty of anything.

9    How can they take my property?  I don't understand.

10       THE COURT:  You are in custody.  There are

11   rules and procedures we have for detaining people

12   pretrial or fashioning conditions of release for them

13   pretrial.  If someone refuses to cooperate in the

14   investigation into whether or not they are releasable

15   subject to certain conditions, then that person is going

16   to stay in custody.

17       If someone refuses to cooperate in the

18   processing of them after they've been arrested, such as

19   in the taking of their fingerprints, that person is

20   going to stay in custody pending trial.

21       I mean, these are your choices that you are

22   making.  You are free to make them.  They are not

23   choices I would recommend that you make.  But as long as

24   you are making the choices you are making right now, I

25   am unable to release you.  And I am going to order you

1    detained pending the hearing on Monday at 1:30.

2          I would recommend strongly that you hire an

3    attorney to represent you.  And it may be that you will

4    listen to that attorney as the attorney gives you advice

5    on what you should do at this moment, especially in

6    connection with the Pretrial Services' investigation.

7    But if you choose not to listen to your attorney, we're

8    going to be right back in the same place Monday that we

9    are now with you being detained.

10          I'm going to postpone the arraignment until

11   Monday at 1:30.  I order this defendant detained pending

12   that hearing.

13          THE DEFENDANT:  I don't accept that.

14          MR. FITZGERALD:  Thank you, Your Honor.

15          (The proceedings were concluded at 1:48 p.m.)

16

17

18

19

20

21

22

23

24

25

```
 1                         CERTIFICATE

 2          I, Deborah Wilhelm, Certified Shorthand Reporter

 3    for the State of Oregon, do hereby certify that I was

 4    present at and reported in machine shorthand the oral

 5    proceedings had in the above-entitled matter.  I hereby

 6    certify that the foregoing is a true and correct

 7    transcript, to the best of my skill and ability, dated

 8    this 7th day of December, 2009.

 9

10

11

12

13                            /s/ Deborah Wilhelm
                              Deborah Wilhelm, RPR
14                            Certified Shorthand Reporter
                              Certificate No. 00-0363
15

16

17

18

19

20

21

22

23

24

25
```